IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Dora Vandegraft, Individually and, as Special Administrator of the Estate of Andrew Vandegraft, Deceased, ) ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | No.  08-CV-1112 | |
| Illinois Central Railroad Company, ) Pneumo Abex Corporation, ) Pneumo Abex LLC, ) Owens-Illinois, Inc., ) Honeywell International, Inc., ) Metropolitan Life Insurance Company, ) Sprinkmann Sons Corporation of Illinois, Sprinkmann Sons Corporation, ) and Rapid-American Corporation, ) ) | | |
| Defendants. ) | | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Plaintiff's motion to remand (d/e 8).  Because removal was untimely under 28 U.S.C. Section 1446(b), the Court recommends that the motion be granted.

Plaintiff filed this asbestos-exposure action in the Circuit Court of McLean County, Illinois, on March 21, 2008. CT Corporation, the registered agent for Defendant Illinois Central Railroad Company ("Illinois Central"), was served with the Complaint on April 3, 2008. This set the deadline for removal at May 5, 2008.[1] 28 U.S.C. Section 1446(b); Fed. R. Civ. P. 6(a). However, CT Corporation, through an honest mistake, incorrectly recorded the date of service as April 10, 2008, and transmitted the April 10th date to Illinois Central. Illinois Central, relying on the transmittal, filed its notice of removal on May 9, 2008, believing it was within the 30 days, when in fact the notice was filed four days late. After Plaintiff filed a motion to remand arguing that the removal was untimely, Illinois Central inquired of CT Corporation and discovered the error.

28 U.S.C. Section 1446(c) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[1] May 3, 2008, was a Saturday.

The Supreme Court has held that the removal clock starts ticking when the defendant is formally served. Murphy Brothers, Inc. . Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

"While the time limitation imposed by § 1446(b) is not jurisdictional, . . ., it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." Northern Illinois Gas Co. v. Airco Indus. Gases, A Division Of Airco, 676 F.2d 270, 273 (7th Cir. 1982)(citations omitted); McCoy v. General Motors Corp., 226 F.Supp.2d 939, 943 (N.D. Ill. 2002)(30-day time limit is "mandatory and strictly applied . . . .").

Illinois Central does not dispute that its removal was untimely, nor would grounds exist for that argument. *See* Poulos v. Nass Foods, Inc., 959 F.2d 69, 73 n. 4 (7th Cir. 1992)(if fraudulent joinder is apparent from complaint, removal should be filed within 30 days from service of the complaint); Yount v. Shashek, 472 F.Supp.2d 1055, 1063 (S.D. Ill. 2006)(". . . . this Circuit holds, as does the weight of authority, that the thirty-day time period applies to all removals, including those in which fraudulent joinder to defeat diversity jurisdiction is claimed).

Illinois Central instead argues that exceptional circumstances exist here, since its late removal was due to an honest mistake of its registered agent and that it did not discover the mistake until after Plaintiff filed his motion for remand.  The Court does not doubt this, but Illinois Central cites no cases where strict enforcement of the 30-day deadline has been relaxed, nor has the Court found any.  See Auchinleck v. Town of LaGrange, 167 F.Supp.2d 1066, 1069 (E.D. Wis. 2001)(" . . . in the removal context, faithful adherence to the statutory language is more important than avoiding potential unfairness. The plaintiff's right to choose his forum is superior to the defendant's right of removal."); Wilson v. The Master's Miracle, Inc., 2006 WL 163020 *2 (N.D. Ill. 2006)(not reported in F.Supp.2d)(petition for removal filed one day late was untimely)(citing in support the following cases: Citibank N.S. v. Grafmeyer, 2005 WL 1799280 *1 (N.D. Ill. 2005)(eight days late); City of Chicago v. Arnold, 1986 WL 11616 *2 (N.D. Ill. 1986)(three days late)).

The Second Circuit case cited by Illinois Central, Somlyovj v. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991), regarded a timely attempt to file notice of removal that was rejected by the clerk because of failure to comply with local rules--the notice had lacked a civil cover sheet

and legal backing.  Here, Illinois Central's notice was not rejected for filing, it was simply filed late.  Illinois Central also asserts that technical defects in removal may be cured, but the cases it cites involve defects in the notice itself, such as the failure of all served defendants to join in the removal.  At issue here is not a defect in the notice or petition for removal, but its untimeliness.  The notice here cannot be amended to cure its untimeliness.

Illinois Central correctly points out that in April 2007, about one year before filing this case, Plaintiff filed a nearly identical action against six of the same defendants in this case.  That case was removed to federal district court and then transferred to the MultiDistrict Litigation Panel for the Eastern District of Pennsylvania before a ruling on Plaintiff's motion to remand.  <u>Vandegraft v. Pneumo Abex Corporation et al.</u>, 07-CV-1144 (C.D. Ill.).  This case appears substantially identical to the one that was transferred, except that this case adds three new defendants, one of them an alleged citizen of Illinois (Sprinkmann Sons Corporation of Illinois),[2] and pursues a new claim against Illinois Central under the Federal Employers'

---

[2] The notice of removal does not identify the citizenship of the member(s) of Pneumo Abex LLC.  Illinois Central states in its response "on information and belief" that Pneumo Abex LLC has only one member, a resident of Delaware.  The notice of removal also does not state the principal place of business for Rapid-American Corporation, Sprinkmann Sons Corporation or Pneumo Abex Corporation.  In the notice of removal in 07-1144, Pneumo Abex Corporation's principal place of business is identified as New Jersey.

Liability Act ("FELA").³  Illinois Central asserts this case is a "fraudulent attempt to circumvent the proceedings currently taking place in the MDL . . . [and] an attempt to avoid the MDL's jurisdiction and to defeat diversity jurisdiction."  (d/e 1, para. 6).⁴  Illinois Central contends that it has been fraudulently joined in this case because Plaintiff cannot state a FELA claim against it, and, that Sprinkmann Corporation of Illinois is also fraudulently joined because, "upon information and belief," that company "is no longer viable."  (d/e 1, para. 8).

These arguments do not provide grounds for relaxing the 30-day rule. Illinois Central essentially argues that its late filing should be excused because the late filing was not its fault and because it has good arguments for removal.  Yet, as discussed above, the 30-day rule is strictly applied, and the Court sees no defensible grounds for departing from strict application here.  To do so would depart from legions of precedent and also begin the Court down a slippery slope in other removal cases.  Illinois Central can make its arguments for dismissal of the claims against it to the

---

³The first <u>Vandegraft</u> action alleged negligent transportation against Illinois Central.

⁴Dissatisfaction by Plaintiff's counsel with the transfer of his first case to the MDL and with the MDL's handling of the asbestos cases (described by counsel as a "black hole") is evident from the Complaint.

State Court on remand. Because the untimeliness of the removal is dispositive of the motion to remand, the Court does not address the parties' other arguments.

Plaintiff also asks for attorneys' fees and costs under 28 U.S.C. § 1447(c). Under the Seventh Circuit's analysis in applying Section 1447(c), there is a presumption that the winning party is entitled to an award of fees when removal is improper. Husko v. Geary Electric, Inc., 316 F.Supp.2d 664, 669-670 (N.D. Ill. 2004) (citing Hart v. Wal-Mart Stores, Inc., 360 F.3d 674, 678 (7th Cir. 2004). This presumption may be overcome if Defendant's removal was reasonable or not contrary to settled law. Garbie v. Daimler Chrysler Corp., 211 F.3d 407, 410-411 (7th Cir. 2000). Bad faith need not be shown, but it may be considered as a factor in awarding attorney's fees to the party seeking remand. See Tenner v. Zurek, 168 F.3d 328, 330 (7th Cir. 1999). In addition, "section 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." Garbie, 211 F.3d at 410. District courts have discretion in deciding whether to award attorney's fees. See Tenner, 168 F.3d at 330. The Court does not in the exercise of its discretion believe such an award is warranted. It is clear that Illinois Central filed its

notice of removal in good faith, believing it to be timely, based on the information provided by its registered agent.  And, without remarking on the ultimate merit of Illinois Central's arguments for removal, the Court notes that those arguments demonstrate that Illinois Central had, at least, "an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007) (". . . if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.").

WHEREFORE, the Court RECOMMENDS that Plaintiff''s Motion to Remand be granted (d/e 8) and this case be remanded to McClean County Circuit Court.  The Court FURTHER RECOMMENDS that Plaintiff's requests for costs and attorneys' fees under 28 U.S.C. Section 1447(c) be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).

Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

ENTER: August 11, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE